GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

NANCY STOUT, Defendant

Case No. 5577-77

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

January 4, 1978

HENRY C. SMOCK, ESQ. (GRUNERT, STOUT, HYMES & MAYER), St. Thomas, V.I., *for defendant*

STEDMANN, HODGE, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for plaintiff*

FEUERZEIG, *Judge*

### MEMORANDUM OPINION AND ORDER

Defendant has filed a motion to dismiss a traffic ticket alleging that "the complaint does not state facts sufficient to constitute an offense against the United States Virgin

Islands." She states, "initially, the Government has not alleged facts in the complaint sufficient to put the defendant on notice as to whether or not she is in violation of subsection (a) of § 497a of Title 20 of the Virgin Islands Code[1], nor would it be expected that, in fact, the Government intends to rely on this subsection."

Defendant thus appears to raise a constitutional issue. The Sixth Amendment guarantees that "in all criminal prosecutions the accused shall enjoy the right to be informed of the nature and cause of the accusation."[2] The defendant clearly has been charged with a criminal offense. The traffic ticket that was issued to her is denominated a "complaint" and constitutes the summons and complaint. 5 V.I.C. App. IV Rule 151. The question, therefore, is whether the government has alleged facts that are legally sufficient to make out an offense under the Virgin Islands Code. The court finds that it has and that defendant's motion should be denied.

 As noted, the traffic ticket issued constitutes both the summons and complaint. 5 V.I.C. App. IV Rule 151. A complaint is merely "a written statement of the *essential facts* constituting the offense charged." 5 V.I.C. App. IV Rule 121 (emphasis added) ; see also Rule 3, Federal Rules of Criminal Procedure, 5 V.I.C. App. II Rule 3. The purposes of a formal written accusation are:

(1) to furnish the accused with such a description of the charge against him as will enable him to prepare his defense and avail himself of his conviction or acquittal for protection against a subsequent prosecution for the same cause; and

(2) to inform the court of the facts alleged so that it may decide whether they are sufficient in law to support a conviction if one should be obtained.

---

[1] This section is entitled "Parking areas for taxicabs in Charlotte Amalie on tourist days; use."

[2] The language of the Sixth Amendment is specifically made applicable to the Virgin Islands by Section 3 of the Revised Organic Act of 1954, 48 U.S.C. § 1561.

2 Wharton's Criminal Procedure § 225, at 7 (12th ed. 1975). The accusation, however, does not have to disclose all facts relied upon to prove the charge; it need only contain enough facts to apprise the accused of the nature of the charge. Id. § 258, at 62. In construing the language of the accusation a standard of reasonableness prevails. Id.

In the instant case the ticket on its face charges:

(1) that the defendant parked at a taxi stand;

(2) that the defendant parked in a prohibited area; and

(3) that a sign was posted.

Title 20 V.I.C. § 497(d) is relevant:

Motor vehicles shall not be stopped where they impede traffic; and they shall be parked only in places and in the manner designated by the Commissioner of Public Safety.

Title 20 V.I.C. § 497a(a) also is relevant:

On days in which a tourist ship with 300 or more passengers visits the Port of Charlotte Amalie, the Commissioner of Public Safety shall designate on the Main Street of Charlotte Amalie not less than one dozen parking areas for the exclusive use of taxicabs for the period of the ship's stay in port.

In addition, 20 V.I.R.&R. § 491–51 provides that all parking signs have the force and effect of law; 20 V.I.R.&R. § 491–53(b) provides that only taxis may stop adjacent to any part of the curb painted with a red line; 20 V.I.R.&R. § 491–53(c) provides that parking not specifically controlled by law or regulations shall be in accordance with parking signs; and 20 V.I.R.&R. § 491–101 provides that along the relevant portions of Main Street, stopping is permitted for 15 minutes on the northern side of the street provided that traffic is not impeded or that the vehicle is not parked along a red line.

Here the complaint has put the defendant on notice that she parked in a prohibited area, to wit, a taxi stand, and

that furthermore there was a sign posted to that effect. The complaint does not allege that there was a red line on the curb, or that the posted sign said "taxis only" or that the area had been one designated by the Commissioner for the "exclusive use of taxis." However, the complaint need not allege every fact relied on to be sufficient. It is sufficient if enough facts are alleged to put the defendant on notice of the charge. 2 Wharton's Criminal Procedure, supra. This the government has done. Whether the government can prove any of the above facts is another issue, a question that must await a trial on the merits.

WHEREFORE it is ORDERED that defendant's motion to dismiss be and the same hereby is denied.